MARY'S OPINION HEADING 









                NO. 12-06-00056-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

HAROLD CURTIS BIDDIE,           §          APPEAL
FROM THE 87TH

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

DEIKA A. POOL,

APPELLEE  §          ANDERSON COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



                                                                        MEMORANDUM
OPINION

PER CURIAM

            This appeal is being dismissed for failure to comply with
the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 42.3(c).  The judgment in the instant case was signed
on February 8, 2006.  Thereafter, on
February 21, 2006, Appellant filed a notice of appeal that failed to contain
the information required by Rule 25.1 (e), i.e., a certificate of service
showing service on all parties to the trial court’s judgment.  

            On March 10, 2006, Appellant was notified pursuant to
Texas Rule of Appellate Procedure 37.1 that the notice of appeal was defective
for failure to comply with Rule 25.1(e). 
He was further notified that unless he filed an amended notice of appeal
on or before April 10, 2005, the appeal would be referred to the court for
dismissal.  See Tex. R. App. P. 42.3.   

            On April 3, 2005, Appellant filed an amended notice of
appeal.  The amended notice of appeal did
not show service on all parties to the trial court’s judgment.  Appellant also informed this court that he
filed a “criminal complaint” against Appellee and the trial court “used its own
discretion and made the complaint a civil matter.”  In his docketing statement, Appellant states
that he filed an “Application to File Criminal Action.”  A criminal action is not initiated in this
manner.  See Tex. Code Crim. Proc. Ann. arts. 2.04,
2.05 (Vernon 2005).  Therefore, the trial
court properly 








 

 

considered the proceeding a
civil matter.  As such, Appellant was
required to comply with Rule 25.1(e) when he filed his notice of appeal.  

            Because Appellant has failed, after notice, to correct
his defective notice of appeal, the appeal is dismissed for
failure to comply with the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 42.3(c); Feist v. Berg, No. 12-04-0004-CV, 2004
WL 252785, at *1 (Tex. App.–Feb. 11, 2004, pet. denied); Feist v.
Hubert, 12-03-00442-CV, 2004 WL 252285, at *1 (Tex. App.–Tyler Feb. 11,
2004, pet. denied).

Opinion
delivered April 5, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 








(PUBLISH)